UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DWIGHT M. F.,

        **Plaintiff,**

v.                                                      CIVIL NO. 4:21cv128

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        **Defendant.**

### FINAL ORDER

This matter comes before the court on the Objection of Plaintiff to the United States Magistrate Judge's Report & Recommendation ("R&R"), ECF No. 24, and the Response from Defendant, ECF No. 25. For the reasons set forth below, the decision of the Acting Commissioner of Social Security is **AFFIRMED**, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

### I. PROCEDURAL HISTORY

On October 1, 2021, Plaintiff filed a Complaint in this court seeking review of the Acting Commissioner of Social Security's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1 at 2. Both parties filed Motions for Summary Judgment,[1]

---

[1] Plaintiff also filed a Reply to Defendant's Motion for Summary Judgment, which was referred to the Magistrate Judge as well. ECF No. 22.

ECF Nos. 17,18 (Plaintiff's Motion for Summary Judgment and Memorandum in Support); ECF Nos. 20, 21 (Defendant's Motion for Summary Judgment and Memorandum in Support), which were referred to United States Magistrate Judge Lawrence R. Leonard pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

The Magistrate Judge filed his proposed findings and recommendations on December 12, 2022, ECF No. 23, and the parties had fourteen (14) days to object, 18 U.S.C. § 636(b)(1)(C); Fed. R. Civ. Proc. 72(b)(2). The R&R recommended that the court deny Plaintiff's Motion for Summary Judgment, ECF No. 17, and grant Defendant's Motion for Summary Judgment, ECF No. 20, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB and SSI, ECF No. 23 at 1-2. On December 27, 2022, Plaintiff filed his Objection to the R&R, ECF No. 24, to which Defendant responded on January 9, 2023, ECF No. 25.

## II. DISCUSSION

Plaintiff's sole objection is to the Magistrate Judge's finding that "substantial evidence support[ed] the ALJ's decision that Plaintiff can perform light work." ECF No. 24 at 1 (citing ECF No. 23 at 10). Plaintiff asserts that the ALJ's determination was "based on an erroneous evaluation of Plaintiff's evidence of record." Id. According to Plaintiff, the ALJ "failed to provide a

2

function-by-function assessment," and incorrectly "relied on the State Agency consultant's opinion who were only able to review Plaintiff's record about five months into the relevant period" and failed to consider "substantial evidence" entered into the record after the consultant's assessment. Id. at 1-2.

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3) (emphasis added). "Therefore, 'a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.'" Elsie P. v. Comm'r of Soc. Sec., No. 2:21-CV-375, 2022 WL 3586209, at *2 (E.D. Va. Aug. 22, 2022) (Jackson, J.) (citing Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015)). When a party improperly objects, it has the same effect as failing to object, and thus triggers a review under the clear error standard. Id. at *2 (citing Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless.") (internal citation and alterations omitted)); see Pittard v. Berryhill, No. 2:17-CV-71, 2018 WL 4219193, at *1 (E.D. Va. Sept. 5, 2018) (Morgan, J.) (holding that "objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the

3

entirety of the report and recommendation, which are treated as waivers or failures to object") (internal citation and quotation marks omitted).

In his Memorandum of Law in Support of His Motion for Summary Judgement, Plaintiff argued that substantial evidence did not support the ALJ's finding because there was no function-by-function assessment performed and it was an error to rely on the State Agency consultant's opinions. ECF No. 18 at 10-14. Therefore, as Defendant correctly maintains, ECF No. 25 at 2-3, the court views Plaintiff's sole objection as a mere repackaging of those arguments already raised on summary judgment and considered at length by the Magistrate Judge in the R&R. Compare ECF No. 18 at 11 (arguing that the ALJ's determination "is not supported by substantial evidence, as it was not supported by the function-by-function assessment of a medical professional to guide the ALJ, nor did the ALJ perform the function-by[-]function assessment" and "[t]he findings of the [S]tate [A]gency medical consultants were of little value" because the consultants were "non-examining, and assessed Plaintiff's record only about five months into the relevant period") and ECF No. 22 at 3 (maintaining that "[r]emand is proper for the ALJ to provide a basic assessment of Plaintiff's function-by-function exertional capacity that is supported by substantial evidence, rather than erroneous reliance on dated medical opinions and lay person analyses of medical data") with

4

ECF No. 24 at 1-2 (arguing that "the ALJ in this case failed to provide a function-by-function assessment" and "relied on the State Agency consultant's opinion who were only able to review Plaintiff's record about five months into the relevant period" which "[wa]s error"); see ECF No. 23 at 9-15 (R&R's thorough analysis of the merits of Plaintiff's arguments and ultimately concluding that "Plaintiff's specific arguments regarding why the ALJ's decision lacks substantial evidence are not persuasive").

Because Plaintiff failed to make a proper objection by merely restating his earlier arguments already raised and thoroughly addressed by the Magistrate Judge, the district judge is only required to review for clear error. ECF No. 23 at 9-15; see Elsie P., 2022 WL 3586209, at *2 (citing Veney, 539 F. Supp. 2d at 846); Gina O. v. Kijakazi, No. 2:20-CV-596, 2022 WL 107590, at *2 (E.D. Va. Jan. 11, 2022) (Doumar, J.). Having reviewed the record and finding no clear error in the R&R, the Court hereby **ADOPTS** the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on December 12, 2022, ECF No. 23.[2] The decision of the Acting Commissioner is **AFFIRMED**, Defendant's Motion for Summary Judgment, ECF No. 20, is **GRANTED**, and

---

[2] Even on de novo review with a proper objection, the court **FINDS** the Magistrate Judge's Report and Recommendation well-reasoned and supported by the record and the applicable law, and **OVERRULES** Plaintiff's objection.

5

Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**. Therefore, Plaintiff's action is **DISMISSED WITH PREJUDICE**.

The parties are **ADVISED** that they may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Final Order.

The Clerk is **DIRECTED** to forward a copy of this Final Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith -RBS
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 8, 2023

6